■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER HARDY, JR., Appellant. — Judgment, Supreme Court, New York County (James J. Leff, J., and a jury), rendered April 28, 1983, convicting defendant of robbery in the first degree (Penal Law § 160.15), burglary in the first degree (Penal Law § 140.30) and robbery in the second degree (Penal Law § 160.10), and sentencing him to concurrent prison terms of 7 to 14 years on the first degree robbery and burglary counts, and 5 to 10 years on the second degree robbery count, unanimously modified, on the law, to reduce the sentence on the conviction for robbery in the second degree to 3⅓ to 10 years, to run concurrently with the 7- to 14-year sentence on the other counts, and otherwise affirmed.

As the People concede with commendable candor, the 5- to 10-year sentence on the second degree robbery count was unauthorized. The minimum should have been set at one third of the maximum rather than one half (Penal Law § 70.02 [1] [b]; [2] [a]; [3] [b]; [4]).

The evidence was more than sufficient to convict the defendant beyond a reasonable doubt. Defendant was not denied a fair trial. We have examined all of the other claims of error made by the defendant and find them to be without merit. Concur — Sullivan, J. P., Carro, Fein, Kassal and Rosenberger, JJ.

■ In the Matter of ALVIN A., a Person Alleged to be a Juvenile Delinquent, Appellant. — Order of disposition, Family Court, New York County (Schechter, J., at fact finding and disposition), entered May 23, 1984, adjudicating appellant a juvenile delinquent upon his admission of acts which, if committed by an adult, would constitute robbery in the third degree, and placing him on probation for two years, affirmed, without costs and without disbursements. The order on appeal made one of the conditions of probation that appellant have no further criminal charges filed against him during his probation. Appellant contends that such a condition is an abuse of discretion as a matter of law. We affirm on our interpretation of the condition that it does not deprive appellant, were he charged with a crime during his period of probation, of any rights usual to any probationer to challenge the revocation of his probation. Concur — Sandler, J. P., Carro, Asch, Lynch and Ellerin, JJ.